UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary Vannatter Sr., | ) | C/A No. 6:11-0235-JFA-KFM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Michael McCall, Warden of Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Gary Vannatter Sr. ("Petitioner"), a state prisoner proceeding *pro se*, files this habeas action pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Perry Correctional Institution, a facility of the South Carolina Department of Corrections, and is serving a life sentence for murder imposed on January 23, 2001. He asks this Court to vacate "all post-trial state and federal court judgements and issue an order mandating the state provide a new post-conviction relief action." ECF No. 1 at 17.

### *Discussion*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

A person in custody pursuant to a judgment of a State court may seek a writ of habeas corpus in a United States District Court pursuant to 28 U.S.C. § 2254. Petitioner, however, has previously challenged the same conviction and sentence in a habeas petition in this Court. *See Vannatter v. Bazzle*, Civil Action No. 6:07-1267-JFA-WMC. This Court may take judicial notice of its own files and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In Petitioner's prior § 2254 case, the petition, return, and state court record were reviewed, and summary judgment for the respondent was granted. A person who has presented an initial habeas corpus application under § 2254 may only bring a second or successive § 2254 habeas action in very limited circumstances. *See* 28 U.S.C. § 2244. Before filing a second or successive petition under § 2254, "the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 of the Rules Governing Section 2254 Cases. The petition contains no indication that Petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in this Court. As a result, this Court cannot consider the current § 2254 petition, and it should be dismissed.

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice* as a successive § 2254 petition and without requiring Respondents to file a return. **The plaintiff's attention is directed to the notice on the following page.**

February 17, 2011                                s/Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).